**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Parmenton T. DECORAH,**
**Defendant–Appellant.**

No. 94–1246.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 8, 1994.

Decided Jan. 17, 1995.

John W. Vaudreuil, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Madison, WI, for plaintiff-appellee.

Ralph A. Kalal (argued), Kalal & Associates, Madison, WI, for defendant-appellant.

Before POSNER, Chief Judge, REAVLEY,* and COFFEY, Circuit Judges.

REAVLEY, Circuit Judge.

Decorah was indicted for accepting money as an agent of an Indian tribal government, in exchange for his influence and rewards in connection with a business of the tribal government in violation of 18 U.S.C. § 666(a)(1)(B). Decorah waived his right to a jury trial and both parties agreed to proceed upon stipulated facts. The district court found the defendant guilty and he appeals. We affirm.

---

* Hon. Thomas M. Reavley, Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation.

## BACKGROUND

Decorah was an elected representative on the Wisconsin Winnebago Business Committee ("WWBC"), which is a body elected to make all business and governmental decisions for the Wisconsin Winnebago Tribe (the "Tribe"). WWBC's responsibilities included decisions affecting the operation of the tribal gaming business. Glenn V. Corrie, doing business as Jenna Corporation, sought to obtain a contract with the Tribe to manage that gaming business. In order to obtain this contract, he needed six votes on the WWBC. Decorah received cash from Corrie for his vote and efforts to get the other necessary votes. The contract was awarded, but it was declared void for lack of the required federal approval. Decorah and his group then awarded Corrie a new contract, but they acted without the required quorum of the WWBC. Jenna Corporation operated the gaming casino for a time, but eventually its second contract was declared void.

The issue of the Corrie contract created factions in the WWBC. The members opposed to contracting with Corrie constituted a minority of the members of the WWBC. Under its bylaws, WWBC could not conduct business without a quorum of at least seven members present at a meeting. The minority decided to block the action of the six members supporting Corrie by refusing to attend meetings. The Corrie supporters, known as the "six-pack," nevertheless continued to hold meetings and make decisions affecting the tribal gaming business, including the award of the second contract to Corrie. The decisions favoring Corrie and his company were implemented, despite the fact that the six-pack was not acting under appropriate authority, and Corrie continued to reap the benefits of the contract in question, despite the fact that it was eventually declared legally void.

Throughout the time period relevant to this case, Decorah admittedly voted and convinced the other members of the six-pack to vote on decisions which favored Corrie and his company. Decorah also admittedly re-

ceived cash and other items of value from Corrie in exchange for this influence and reward.

### DISCUSSION

Decorah argues that since no quorum existed, no legal tribal government acted. His action at those meetings, he says, were not those of an agent of a tribal government. He contends that, without legal government action and a legal contract for the gaming business, rewards obtained by the bribes were not tribal government business. His arguments have no merit.

Decorah was empowered as a representative of the tribal government to act as its agent. The fact that the decisions of the tribal government as a whole were void, did not affect Decorah's status as a government agent. The statute prohibits an agent of an Indian tribal government from accepting bribes that are intended to obtain influence or reward "in connection with any business" of the tribal government. Corrie wanted a contract for the gaming business, and he and the Tribe did in fact obtain significant revenues from that business. Decorah, the tribal government's agent, received bribes which were intended to influence, and did influence, his actions with respect to the business of the tribal government.

AFFIRMED.